**FINAL REPORT[1]**

**Recommendation 5-2008, Minor Court Rules Committee**

*Rescission of Rule 3.9, Amendment of Rules 3.10-3.11 and the Comment to
Rule 3.12 of the Rules Governing Standards of Conduct of Magisterial District Judges,
and the Official Note to Rule 323 of the Pennsylvania Rules of Civil Procedure before
Magisterial District Judges*

INCOMPATIBLE PRACTICES AND LIMITATIONS

On December 14, 2016, effective April 1, 2017, upon recommendation of the Minor Court Rules Committee,[2] the Supreme Court of Pennsylvania approved the rescission of Rule 3.9, the amendment of Rules 3.10 and 3.11, and the Comment to Rule 3.12 of the Rules Governing Standards of Conduct of Magisterial District Judges, as well as the amendment of the Official Note to Rule 323 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges.[3]

**I.      Background and Discussion**

The Minor Court Rules Committee (the "Committee") recommended the rescission of Rule 3.9 and the amendment of Rule 3.10 of the Rules Governing Standards of Conduct of Magisterial District Judges.  Rule 3.9 addresses activities prohibited for all magisterial district judges, while Rule 3.10 sets forth practices prohibited for attorney-magisterial district judges only.  The goal of these changes is to combine Rules 3.9 and 3.10 into one rule encompassing all limitations on magisterial district judges.

The issue of limitations on magisterial district judges was under review by the Committee since at least 2002.  The Committee received an inquiry as to whether attorney-magisterial district judges could also serve as arbitrators, particularly in arbitration cases where the arbitrators' fees are paid by the parties.  There appeared to be conflicting interpretations as to whether the prohibition on "receiving any fee or emolument for performing the duties of an arbitrator", set forth in former Rule 13,

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the content of the explanatory Final Reports.

[2] Minor Court Rules Committee Recommendation 5-2008.

[3] Rules 3.9 and 3.10 are derived from former Rules 13 and 14 respectively, which were rescinded in light of the Court's adoption of the new Rules Governing Standards of Conduct of Magisterial District Judges, effective December 1, 2014.

applied to attorney-magisterial district judges, who were also subject to the additional prohibited practices set forth in former Rule 14. The Committee noted that 42 Pa.C.S. § 3304(b) prohibited a judge or magisterial district judge from serving as a paid arbitrator, providing that "[n]o judge or magisterial district judge shall receive any fee or emolument for performing the duties of an arbitrator." After consideration of the inquiry, and review of the relevant rules, statutes, and other authorities, the Committee agreed that amendments to the rules were advisable to clarify that no magisterial district judge, including a judge who was also an attorney, may act as an arbitrator for a fee.

The Committee published its initial proposal in 2003, at 33 Pa.B. 745 (February 8, 2003). After receiving comments from various sources, the Committee reworked the proposal, and subsequently tabled it while other groups attempted to achieve a legislative solution to the question. In the absence of a legislative solution, the Committee republished the proposal at 37 Pa.B. 6902 (December 29, 2007), and received additional valuable input. The Committee submitted a recommendation to the Pennsylvania Supreme Court ("Court") in 2008, but was instructed by the Court to engage in further review. After further drafting efforts, the proposal was published for public comment at 43 Pa.B. 2269 (April 27, 2013), and resubmitted to the Court later that year. Following the Court's adoption of the new Rules Governing Standards of Conduct of Magisterial District Judges, effective December 1, 2014, the Committee revised the recommendation to reflect the new Conduct Rules, as well as to make further modifications. Subsequently, the Court directed the Committee to revisit the recommendation, and the Committee undertook further efforts to revise the rules consistent with the Court's guidance.

## II. Proposed Rule Changes

### A. Rule 3.9

Rule 3.9, titled "Incompatible Practices", set forth prohibitions applicable to all magisterial district judges. The Committee recommended rescinding Rule 3.9 and incorporating its provisions into Rule 3.10 as the simplest way to ensure that all magisterial district judges, both attorneys and non-attorneys, are following the same guidelines for incompatible practices and limitations. The substantive material of Rule 3.9, with modification, is found in Rule 3.10. A note was added to Rule 3.9, directing readers to Rule 3.10.

### B. Rule 3.10

The prior version of Rule 3.10, titled, "Prohibited Practice of Attorney-Magisterial District Judges", set forth those limitations applicable only to attorney-magisterial district judges. As explained above, the Committee's goals in redrafting Rules 3.9 and 3.10 were to clarify the limitations on all judges, as well as to remove the distinction between

2

attorney and non-attorney judges. The rule has been retitled "Incompatible Practices and Limitations."

Paragraphs (A) and (B) of Rule 3.10 are taken from the first two sentences of rescinded Rule 3.9A. Paragraph (C) is derived from paragraph B of rescinded Rule 3.9. Paragraph (D) of Rule 3.10 is derived from the last sentence of rescinded Rule 3.9A, and explicitly provides that a magisterial district judge shall not receive any fee or emolument for performing the duties of an arbitrator or mediator. Paragraphs (E)-(F) pertain to the conduct of attorney magisterial district judges.

While 42 Pa.C.S. § 3304(b) and rescinded Rule 3.9 solely reference "arbitration," amended Rule 3.10 references both arbitration and mediation, which reflects the growth in the use of alternative dispute resolution methods since the original promulgation of the statute and the rule. Moreover, there should not be a distinction between a magisterial district judge serving as an arbitrator or a mediator for a fee.

Finally, application of the prohibitions to "all employees assigned to or appointed by magisterial district judges", as set forth in former Rule 3.9, has been deleted. These rules apply to the conduct of magisterial district judges, and prohibitions on the activities of court employees are addressed as part of the terms and conditions of employment for those persons rather than appearing in the Rules Governing Standards of Conduct of Magisterial District Judges. As set forth in the *Application* provision of the Rules Governing Standards of Conduct of Magisterial District Judges, the definition of magisterial district judge contains the following footnote pertaining to court employees:

> Though not covered by these Conduct Rules, there is a Code of Conduct for Employees of the Unified Judicial System ("Employee Code"). It applies to "employees" defined as, "Employees of the Unified Judicial System" and includes 1) all state-level court employees, and 2) all county-level court employees who are under the supervision and authority of the President Judge of a Judicial District of Pennsylvania, unless otherwise indicated by Supreme Court order or rule.

*See* Rules Governing Standards of Conduct of Magisterial District Judges, *Application* [2], n.1.

### C.     Rules 3.11 and 3.12

Rule 3.11(B) is amended to delete the reference to rescinded Rule 3.9. Similarly, the Comment to Rule 3.12 is amended to delete the reference to rescinded Rule 3.9.

3

**D.      Rule 323**

The Official Note to Rule 323 is amended to replace the reference to rescinded Rule 3.9 with a reference to Rule 3.10.